IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cr-20004 |
| ) | |
| MARTAVIOUS KOGER, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Koger's Motion for Compassionate Release (ECF No. 62) and the Government's Response (ECF No. 68). For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND

Defendant's underlying offense was for knowingly and intentionally possessing 5 or more grams of crack cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). ECF No. 1. In August of 2006, the Court sentenced him as a career criminal to 180 months in prison and an 8-year period of supervised release. ECF No. 14. On August 18, 2020, pursuant to the First Step Act of 2018, the Court reduced Defendant's sentence to 156-months and reduced the term of supervised release to 6 years. ECF No. 42.

Defendant is currently in federal custody for violating supervised release by committing mob action and battery. After a contested hearing where the Government provided testimony and a video recording of the altercation, Defendant agreed he was guilty of mob action and the Court found him guilty of battery. On August 19, 2021, the Court ordered Defendant committed to the custody of the Bureau of Prisons ("BOP") for 22 months. Just days after being sentenced,

1

Defendant filed his initial *pro se* motion for compassionate release. ECF No. 53. The Court denied that Motion on October 27, 2021. ECF No. 61. Defendant filed a second motion on January 5, 2022. The Court again appointed counsel, and Counsel filed a Notice of Intent Not to File an Amended Motion for Compassionate Release on February 2, 2022. ECF No. 66. On March 2, 2022, the Government filed its response in opposition. ECF No. 68.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

DISCUSSION

### A. Exhaustion Requirements

The Government argues that Defendant failed to exhaust his administrative remedies because he did not first ask the BOP to file a Motion on his behalf. The Government states that BOP advised the Government that Defendant has not submitted a request for compassionate release to BOP. ECF No. 68 at 8–9. While Defendant asserts that he submitted a request without response, he does not provide any support for that assertion. ECF No. 62 at 1.

There have been occasions in this district where judges have found that failure to first request relief from the BOP does not bar a motion for compassionate release when there are no administrative remedies available to the defendant. *See United States v. Jordan*, No. 07-10065, 2020 BL 479203, at *3 (C.D. Ill. Dec. 9, 2020); *United States v. Burrows*, No. 03-20011, 2020 BL 430476, at *3 (C.D. Ill. Nov. 5, 2020). Since those cases were decided in district courts, the Seventh Circuit has clarified that the exhaustion requirement "is a mandatory claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Indeed, in interpreting PLRA in *Ross*, the Supreme Court emphasized that judges could not create their own exceptions to the statute and disagreed with the Court of Appeals assessment that there could be special circumstances that could justify a failure to exhaust administrative remedies.

3

*Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). This Court has confirmed that a defendant's say so is insufficient to establish that a defendant exhausted his claims. *United States v. Warren*, No. 03-CR-20004, 2021 BL 161899, at *2 (C.D. Ill. Apr. 30, 2021) (dismissing defendant's motion for failure to establish exhaustion; "Other than what the Defendant told his attorney, no evidence has been submitted to this Court showing Defendant did in fact submit a request to the Warden at FCI Tucson. As a result, this Court finds that Defendant has failed to establish that he properly exhausted administrative remedies prior to filing his Motions for Compassionate Release."). Accordingly, the Court is inclined to agree that Defendant's say-so in a brief is insufficient evidence to establish that he exhausted his administrative remedies.

However, the exhaustion defense is not jurisdictional and "the court is free to deny such a motion for any reason that is supported in the record." *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). The record otherwise supports a denial in this case, so the Court need not rely on this reason alone.

**A. Eligibility for compassionate release related to Defendant's health.**

Defendant cites obesity and asthma as health risks that heighten his risk of contracting a severe case of COVID-19.  ECF No. 62. The Government agrees that asthma and obesity can increase an individual's risk for contracting severe COVID-19 but observes that Defendant has been vaccinated. The Seventh Circuit has confirmed that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

4

With an effective vaccine available to inmates, unless the inmate has a serious health risk that may compromise the effectiveness of the vaccine, the presence of COVID-19 does not present an extraordinary and compelling circumstance to qualify for compassionate release. *See Broadfield*, 5 F. 4th at 803. Accordingly, his somewhat increased risk for a serious COVID-19 infection is sufficiently mitigated by an effective vaccine.

**B. Defendant is otherwise not an appropriate candidate for compassionate release.**

Defendant committed the instant offense while on federal supervised release. Specifically, Defendant was involved in a physical altercation involving minors. The Violation Memorandum indicates that Defendant struck a 16-year-old multiple times in the back and rib area. ECF No. 50 at 3. The minor's mother reported that her son had been admitted to hospital for his injuries. Defendant returned with others to the house where the fight initially occurred later that same day. Another physical altercation erupted, resulting in gunfire being exchanged. This occurred approximately fifteen months ago while Defendant was on supervision. Defendant has proven himself a danger to his community and untrustworthy while on supervised release. To release Defendant early from this relatively short sentence would undermine the sentencing factors found in 18 U.S. Code § 3553 and fail to reflect the seriousness of his offense.

## Conclusion

For the reasons stated above, Defendant's Motion for Compassionate Release [62] is DENIED.

ENTERED this 4th day of April, 2022.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge